UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RBG Management Corp.<br>        Plaintiff,<br><br>-against-<br><br><br>Village Super Market, Inc.<br>        Defendant. | No. 22-cv-07996 (JLR)<br><br>**PROTECTIVE ORDER** |

JENNIFER L. ROCHON, United States District Judge:

   WHEREAS all of the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

   WHEREAS, the Parties, through counsel, agree to the following terms;

   WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

   WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

   WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

   IT IS HEREBY ORDERED that any person subject to this Protective Order – including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order – shall adhere to the following terms:

   1.  Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated under the terms

of this Protective Order as "Highly Confidential" or "Confidential" shall not disclose such Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Highly Confidential or Confidential only information whose public disclosure it reasonably believes would be restricted by law or would create a risk of harm to the business, commercial, financial or personal interests of the producing person and/or a third party to whom a duty of confidentiality is owed, including the following types of information:

(a) previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b) previously nondisclosed material relating to ownership or control of any non-public company;

(c) previously nondisclosed business plans, product development information, marketing plans, and other similar commercially sensitive information regarding strategy, future business activities, or products and services;

(d) any information of a personal or intimate nature regarding any individual; or

(e) any other category of information hereinafter given confidential status by the Court.

3. With respect to the Highly Confidential or Confidential portion of any Discovery Material other than deposition transcripts, the producing person or that person's counsel may designate such portion as "Highly Confidential" or "Confidential" by: (a) stamping or otherwise clearly marking as "Highly Confidential" or "Confidential," respectively, the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted. Should a producing person believe that a document entirely or largely comprises "Highly Confidential" or "Confidential" information, the producing person or that person's counsel need not at the outset produce a redacted version of such document. But upon request, which shall not be refused without good cause, the producing person must produce a redacted version of any such document or confirm that it contends that the entire document is Highly Confidential or Confidential information.

4. With respect to deposition transcripts, a producing person or that person's counsel may designate such portion as Highly Confidential or Confidential either by (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Highly Confidential Information Governed by Protective Order" or "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated Highly Confidential or Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the producing person or that

person's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Highly Confidential, unless agreement is reached on the record at the deposition regarding the portions of the transcript that will be designated as Highly Confidential or Confidential, in which case those designations immediately shall apply. Deposition exhibits shall have such confidentiality designations as are assigned to them under Paragraph 3.

5. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that she, he, or it had previously produced without limitation should be designated as Highly Confidential or Confidential, she, he, or it may so designate by so apprising all known prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will thereafter be deemed to be and treated as Highly Confidential or Confidential under the terms of this Protective Order.

6. No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Highly Confidential to any other person whomsoever, except to:

(a) counsel of record for any Party in this action and any counsel retained by any Party specifically for this action, including any paralegals, assistants or other staff employed by such counsel and assigned to this matter;

(b) Robert Weiner (outside counsel for Morton Williams) and Daniel McCarthy (General Counsel for Village), and upon consent of all other Parties (which shall not be withheld without good cause), other in-house or outside counsel for a Party;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document, or on a transmittal e-mail or other communication, as having received a copy;

(f) a deponent at her or his deposition, if the party taking the deposition has a good-faith belief that the deponent would have reviewed the Discovery Material, for the limited purpose of ascertaining whether she or he has reviewed the Discovery Material before, in which case the Discovery Material may be disclosed to her or him;

(g) a deponent for an entity under Rule 30(b)(6), where the Discovery Material at issue was produced in this litigation by that entity and that Discovery Material relates to a topic as to which that deponent was designated to testify;

    (h) any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, as well as such person's staff and assistants, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    (i) stenographers engaged to transcribe depositions conducted in this action;

    (j) this Court, including any appellate court, and the court reporters and support personnel for the same; and

    (k) any other person authorized to receive such Discovery Materials by prior consent of the producing person or prior order of this Court.

  No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to persons authorized to receive Highly Confidential Discovery Materials, as well as any director, officer, employee, counsel, insurer, or other individual engaging or assisting in decision-making on behalf of any Party in connection with this action, provided she or he has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto.

  7. Prior to any disclosure of any Highly Confidential or Confidential Discovery Material to any person pursuant to any subparagraph of Paragraph 6 requiring execution of a Non-Disclosure Agreement, such person shall be provided by counsel with a copy of this Protective Order and shall sign the Non-Disclosure Agreement annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and, upon request, produce a copy to opposing counsel.

  8. Any Party who objects to any designation of any document or portion of a document as Highly Confidential or Confidential may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Paragraph 2(E) of this Court's Individual Practices in Civil Cases.

  9. Any Party who requests additional limits on disclosure of documents it has produced or will produce (such as "attorneys' eyes only" or "outside counsel only" in extraordinary circumstances) may at any time prior to the trial of this action serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Paragraph 2(E) of this Court's Individual Practices in Civil Cases. The receiving Party shall not disclose the documents identified in the written notice in a manner inconsistent with the limits stated in that notice, unless and until the Court resolves this dispute by declining to limit disclosure in the requested manner.

  10. A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. Within two business days of becoming aware that such Discovery Material is responsive to a discovery request for which that

Party has agreed to produce responsive documents, that Party shall inform the third party of the request and that the third party may seek a protective order or other relief from this Court. If neither the third party nor any Party seeks a protective order or other relief from this Court within 21 days of that notice, or if the third party assents to production, the Party that received this discovery request shall produce the information responsive to the discovery request but may affix an appropriate confidentiality designation.

11. Recipients of Highly Confidential or Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (by way of example and not limitation) may not use Highly Confidential or Confidential Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

12. Nothing in this Protective Order will prevent any person subject to it from producing any Highly Confidential or Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

13. All persons seeking to file redacted documents or documents under seal with the Court shall follow Rule 4(B) of this Court's Individual Practices in Civil Cases. No person may file with the Court redacted documents or documents under seal without first seeking leave to file such papers. All persons producing Highly Confidential or Confidential Discovery Material are deemed to be on notice that the Second Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any Highly Confidential or Confidential Discovery Material submitted to the Court or presented in connection with any motion, application or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material. Notwithstanding its designation, there is no presumption that Highly Confidential or Confidential Discovery Material will be filed with the Court under seal. The Parties will use their best efforts to minimize such sealing.

14. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Highly Confidential or Confidential.

15. Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts

only the Highly Confidential or Confidential Discovery Material itself, and not text that in no material way reveals the Highly Confidential or Confidential Discovery Material.

16. Each person who has access to Discovery Material that has been designated as Highly Confidential or Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he, or it shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

18. This Protective Order shall survive the termination of the litigation. Upon request following the final disposition of this action, all Discovery Material designated as "Highly Confidential" or "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed; provided that outside counsel for any party may retain a copy of any pleading, filing, attorney work product, court order, or deposition, hearing or trial transcript, as well as any deposition or trial exhibits, which shall continue to be treated as Highly Confidential or Confidential Discovery Materials in accordance with the terms of this Order.

19. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Case 2:24-cv-05347-MCA-LDW   Document 32   Filed 05/02/23   Page 7 of 8 PageID: 350

SO STIPULATED AND AGREED.

| **WINSTON & STRAWN LLP** | **LOWENSTEIN SANDLER LLP** |
|---|---|
| By: s/Jeffrey L. Kessler | By: s/Gavin J. Rooney |
| Jeffrey L. Kessler | Gavin J. Rooney |
| Martin C. Geagan | Christopher S. Porrino |
| Mark E. Rizik Jr. | Lauren E. Van Driesen |
| 200 Park Avenue | 1251 Avenue of the Americas |
| New York, NY 10166-4193 | New York, New York 10020 |
| (212) 294-6700 | (212) 262-6700 |
| jkessler@winston.com | grooney@lowenstein.com |
| mgeagan@winston.com | cporrino@lowenstein.com |
| mrizik@winston.com | lvandriesen@lowenstein.com |
| *Counsel for Plaintiff RBG Management Corp.* | *Counsel for Defendant Village Super Market, Inc.* |

SO ORDERED.

Dated: May 2, 2023
New York, New York

_____
JENNIFER L. ROCHON
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RBG Management Corp.<br>       Plaintiff,<br><br>   -against-<br><br>Village Super Market Inc.<br>       Defendant. | No. 22-cv-07996 (JLR)<br><br>**NON-DISCLOSURE<br>AGREEMENT** |

JENNIFER L. ROCHON, United States District Judge:

   I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that, upon request after the conclusion of the litigation, I will either return all discovery information to the party or attorney from whom I received it or, upon permission of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated:_____   _____