**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
RBG MANAGEMENT CORP.,                :
                                              :
                            Plaintiff,      :      22-CV-7996 (JLR) (OTW)
                                              :
                        -against-         :      **OPINION & ORDER**
                                              :
VILLAGE SUPER MARKET, INC.,    :
                                              :
                           Defendant.     :
                                              :
------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

Defendant has moved to transfer this tortious interference action to the District of New Jersey. For the reasons stated below, Defendant's motion is **GRANTED** and the case is transferred to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a).

     **I.**      **BACKGROUND**

Plaintiff RBG Management Corp. ("RBG") brought this action (the "New York Action") on September 19, 2022, alleging diversity jurisdiction, seeking damages against Defendant Village Super Market, Inc. ("Village") for tortious interference, unfair competition, and unjust enrichment. (ECF 1). Specifically, Plaintiff alleges that Defendant used its influence as a member of a grocery product cooperative to induce non-party Wakefern Food Corp. ("Wakefern") to breach Wakefern's long-term agreement to supply RBG with private-label grocery products (the "2019 Supply Agreement"). Plaintiff states that venue is proper in this district because RBG and Village are citizens of different states (New York and New Jersey, respectively) and because the causes of action arise from events and omissions that occurred in New York. *Id.* at ¶¶ 18-20. On

1

September 14, 2023, Judge Rochon dismissed all of RBG's claims save for its claim for tortious interference with a contract, namely, the 2019 Supply Agreement. (ECF 46).

On November 2, 2023, Wakefern filed an action against RBG in the District of New Jersey (2:23-cv-21825 (D.N.J.)) (the "New Jersey Action"). (ECF 71-1 at 1). In the New Jersey Action, Wakefern alleges that RBG, not Wakefern, breached the 2019 Supply Agreement. *Id.* The 2019 Supply Agreement contains a choice-of-forum provision that requires "all claims and disputes arising out of or in connection with [the 2019 Supply Agreement]" to be adjudicated in New Jersey state or federal court. *Id.* at 6. On November 8, 2023, Village moved to transfer this action from the Southern District of New York to the District of New Jersey to be consolidated with the New Jersey Action. (ECF 71). On December 1, 2023, RBG filed its opposition to Village's motion to change venue. (ECF 87). Village filed a reply in support of its motion to transfer on December 11, 2023. (ECF 89).

## II. DISCUSSION

A district court has discretion to transfer venue — on motion or consent of the parties or *sua sponte* —"[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a); *Delacruz v. Giermak*, No. 21-CV-3877 (ALC) (OTW), 2021 WL 5871424, at *2 (S.D.N.Y. Nov. 12, 2021).[1] In determining whether transfer is appropriate under § 1404(a), "courts examine: (1) whether the action could have been brought in the proposed transferee forum," and, if so, "(2) whether the transfer would promote the convenience of parties and witnesses and would be in the interests

---

[1] Venue motions under 28 U.S.C. § 1404 are treated as non-dispositive motions that can be decided by a magistrate judge. *Cruz v. Decker*, No. 18-CV-9948 (GBD) (OTW), 2019 WL 4038555, at *2 (S.D.N.Y. Aug. 27, 2019) (conducting venue and forum analysis and denying motion to transfer action to District of New Jersey).

of justice." *Flowserve Corp. v. BMCE, Inc.*, No. 05-CV-8075 (WHP), 2006 WL 2927176, at *2 (S.D.N.Y. Oct. 12, 2006) (internal citations omitted). Courts consider several factors at step two, such as: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witness, [and] (7) the relative means of the parties." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106-07 (2d Cir. 2006) (internal citations omitted).

As a general rule, "[w]here there are two competing lawsuits, the first suit should have priority." *Employers Inc. of Wausau v. Fox Entertainment Group, Inc.*, 522 F.3d 271, 275 (2d Cir. 2008) (internal quotation marks omitted). However, the Second Circuit recognizes two exceptions to this "first-filed" rule: 1) where the "balance of convenience" favors the second-filed action; and 2) where "special circumstances" warrant giving priority to the second suit. *Id.* The "factors relevant to the balance of convenience analysis are essentially the same as those considered in connection with motions to transfer venue pursuant to 28 U.S.C. § 1404(a)." *Id.* (internal quotation marks omitted). Thus, "the first-filed rule does not constitute an invariable mandate," but rather is "only a " 'presumption' that may be rebutted by proof of the desirability of proceeding in the forum of the second-filed action." *Id.* (internal quotation marks omitted).

"[A] proper application of § 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.' " *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. Of Texas,* 571 U.S. 49, 59-60 (2013) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy J., concurring)). Courts in this district have held that "a

3

contractually-based forum selection clause will also encompass tort claims if . . . resolution of the claims relates to interpretation of the contract, or if the tort claims involve the same operative facts as a parallel claim for breach of contract." *Cfirstclass Corp. v. Silverjet PLC*, 560 F. Supp. 2d 324, 329 (S.D.N.Y. 2008).[2]

Here, although RBG brought the New York Action more than a year before Wakefern filed the New Jersey Action, the balance of convenience favors the second-filed action.

Plaintiff's choice of forum, New York, weighs against transfer. The convenience of witnesses, the location of relevant documents and ease of access to sources of proof, and the availability of process to compel the attendance of unwilling witnesses do not weigh strongly for or against transfer. RBG is based in New York, and Village and Wakefern (from whom RBG has sought considerable discovery), are based in New Jersey.[3] The locus of operative facts, which is "a primary factor in determining a section 1404(a) motion to transfer," *Billing v. Com. One, Inc.*, 186 F. Supp. 2d 375, 377 (S.D.N.Y. 2002) (internal citations omitted), is not clear. The contract was entered into in New York, but it is not obvious whether the alleged tortious interference took place in New York or New Jersey. *See Transatlantic Reinsurance Co. v. Cont'l Ins. Co.*, No. 03-CV-3227 (CBM), 2003 WL 22743829, at *5 (S.D.N.Y. Nov. 20, 2003) ("In determining the locus of operative facts, a court must look to the site of events from which the

---

[2] In its opposition, RBG argues at length that Village may not invoke the forum-selection clause because it was not a signatory to the 2019 Supply Agreement. Courts in this district have held, however, that in circumstances where resolution of a contract claim is integral to resolution of a tort claim, even non-signatories may be bound by a forum-selection clause in the contract at issue. *See, e.g., Weingard v. Telepath, Inc.*, No. 05-CV-2024 (MBM), 2005 WL 2990645, at *5 (S.D.N.Y. Nov. 7, 2005). In any event, because the Court may transfer venue *sua sponte*, and Village does not oppose transfer to New Jersey, Village's standing to raise the forum-selection clause issue is irrelevant.

[3] In addition, as Village notes in its motion to transfer, Village and Wakefern's witnesses "work or reside in New Jersey," and the "key meetings between Wakefern and Plaintiff regarding the termination of the supply Agreement all occurred in New Jersey". (ECF 71-1 at 18).

claim arises.") (internal citations omitted). As to the relative means of the parties, both RBG and Village are sizeable grocery store chains represented by highly-competent counsel. Accordingly, this factor does not weigh for or against transfer.

The convenience of the parties, however, weighs strongly in favor of transfer. Village has moved to transfer this action to New Jersey. Accordingly, RBG is the only party who could claim that New Jersey is inconvenient as a forum. However, because RBG willingly entered into a long-term agreement – the 2019 Supply Agreement – containing a New Jersey choice-of-forum clause, RBG may not assert that litigating in New Jersey now presents an insurmountable inconvenience. *See, e.g.*, *Akers Biosciences, Inc. v. Martin*, No. 14-CV-8241 (AJN), 2015 WL 1054971, at *6 (S.D.N.Y. Mar. 10, 2015) (finding mandatory forum selection clause dispositive as to convenience of the parties factor); *Sovereign Bank v. Ellis*, No. 09–CV–2597 (PGG), 2009 WL 2207922, at *4 (S.D.N.Y. July 23, 2009). *See also Berkley Reg'l Ins. Co. v. Weir Bros.*, 13–cv–3227 (CM)(FM), 2013 WL 6020785, at *5 (S.D.N.Y. Nov. 6, 2013) ("All the inconvenience Defendants now claim was foreseeable at the time they entered into the Indemnity Agreement with Plaintiff.")

Moreover, even though Wakefern is not a party to this action, it is evident at this time that Wakefern is an integral party to any complete resolution of RBG's claims against Village. The outcome of Wakefern's breach of contract claim against RBG will almost certainly be decisive in determining whether RBG's tortious interference claim against Village may proceed, and whether RBG can plead damages. RBG has already moved to compel Wakefern to produce third-party discovery that RBG represents is "highly relevant" to its damages estimates. *See* Plaintiff's Letter Motion to Compel Wakefern Food Corp. to Produce Data, ECF 77. In the

interests of both convenience to the parties and judicial economy, the New York Action should not be tried separately from the New Jersey Action when the two are inextricably linked together. *See Monroe Staffing Servs., LLC v. Whitaker*, No. 20-CV-1716 (GBD) (BCM), 2022 WL 684714, at *7 (S.D.N.Y. Mar. 7, 2022) (finding that a court should stay or dismiss a case after learning that it involves a claim that should be a compulsory counterclaim in a different suit).

### III.  CONCLUSION

For the foregoing reasons, Defendant Village's motion to transfer is **GRANTED**. The Clerk of Court is hereby directed to close ECF 71 and transfer this action to the United States District Court for the District of New Jersey.

**SO ORDERED.**

Dated: January 4, 2024  
      New York, New York

                                               *s/ Ona T. Wang*  
                                               **Ona T. Wang**  
                                               United States Magistrate Judge